**ICONBAZAAR, L.L.C., Plaintiff,**

v.

**AMERICA ONLINE, INC., Defendant.**

**No. 1:02 CV 01022.**

United States District Court,
M.D. North Carolina.

March 25, 2005.

See also 308 F.Supp.2d 630.

Scott K. Tippett, House & Tippett, Winston–Salem, NC, for Plaintiff.

David Kushner, Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., Raleigh, NC, David William Sar, Jennifer K. Van Zant, Brooks, Pierce, McLendon, Humphrey & Leonard, Greensboro, NC, for Defendant.

**MEMORANDUM OPINION**

TILLEY, Chief Judge.

This suit arises out of a dispute between Plaintiff Iconbazaar, L.L.C. and Defendant America Online, Inc. ("AOL") regarding AOL's use of a dragonfly image as one of

its buddy icons for its instant messenger service. This case is before the Court on Defendant's Motion for Summary Judgment [Doc. # 36]. For the reasons set forth below, the Defendant's Motion for Summary Judgment will be GRANTED.

## I.

The facts in the light most favorable to the Plaintiff are as follows: Plaintiff Iconbazaar, L.L.C. is a North Carolina company that owns intellectual property rights in various computer graphic images, or "icons". These images were created by one of Iconbazaar's founders, Christopher Ralph, and subsequently assigned to Iconbazaar. Iconbazaar maintains a website, www.iconbazaar.com, through which patrons may license the use of any of thousands of these graphic images.

Iconbazaar alleges that AOL used one of its images without prior approval. Specifically, Iconbazaar alleges that AOL used a dragonfly image, DRGFLY02.GIF, in its AOL Instant Messenger program without Iconbazaar's knowledge or consent. AOL's use of the dragonfly image began in November of 1999, when it released a free "beta-version" of its AOL Instant Messenger. The dragonfly image appeared on a help-screen server resident at AOL facilities. The dragonfly icon was not embedded into the program or other materials mailed to, mass mailed to, or downloaded by users. AOL obtained the dragonfly icon from a website that contained a notice that all the images were free to download and were public domain.[1] Nonetheless, after Iconbazaar contacted AOL by email on December 1, 1999, and claimed a copyright interest in the dragonfly icon, AOL removed the image from its website within a time that Iconbazaar admits was reasonable.[2] (Ralph Dep. 87–88.)

Iconbazaar filed a Complaint against AOL on November 26, 2002, alleging copyright infringement and state law unfair and deceptive trade practices. The Complaint also included a statement that Iconbazaar had common law trademark rights in the image, and a request for injunctive relief under trademark law, but did not include a separate count for trademark violations. AOL moved to dismiss the Complaint [Doc. # 6]. On June 25, 2003, Iconbazaar responded by filing both a response to AOL's motion and an Amended Complaint. AOL then moved to dismiss the Amended Complaint [Doc. # 13]. In an order filed February 26, 2004, this Court granted AOL's motion to dismiss as to the state law and trademark claims, and denied its motion as to the federal copyright claim [Doc. # 20]. AOL's instant motion seeks entry of summary judgment on the sole remaining claim of copyright infringement.

## II.

Summary judgment is proper only when there is no genuine issue of any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(e). The material facts are those identified by controlling law as essential elements of claims asserted by the parties. In other words, the materiality of a fact depends on whether the existence of the

---

1. Iconbazaar does not dispute that AOL's icon came from this public domain website. However, Iconbazaar alleges that this website wrongfully placed Iconbazaar's dragonfly icon on the website and incorrectly listed the icon as public domain. Thus, AOL was using Iconbazaar's protected image.

2. AOL did not concede infringement nor use of Iconbazaar's image. AOL informed Iconbazaar that the image was obtained from another site listing it as public domain. Nonetheless, AOL removed the image to avoid further controversy.

fact could cause a jury to reach different outcomes. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Cox v. County of Prince William*, 249 F.3d 295, 299 (4th Cir.2001). An issue is genuine as to such facts if the evidence is sufficient for a reasonable trier of fact to find in favor of the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of its case as to which it would have the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [his] pleadings but rather must set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Baltimore Ravens Football Club*, 346 F.3d 514, 523 (4th Cir.2003).

AOL moves for summary judgment on the basis that Iconbazaar has not received a valid copyright registration, Iconbazaar failed to establish the contents of its copyright application, Iconbazaar has no protectable copyright interest in its dragonfly icon, Iconbazaar cannot prove that AOL copied Iconbazaar's image, and that Iconbazaar fails to produce any evidence of damages. Because Iconbazaar failed to produce any evidence that would support a jury award of damages, the other issues raised by AOL are not discussed in this opinion.

■ Section 504 of the Copyright Act states that an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer attributable to the infringement or (2) statutory damages. 17 U.S.C. § 504 (2004). Because Iconbazaar failed to timely file its application for registration, it is undisputed that the company is not entitled to statutory damages. *See* 17 U.S.C. § 412 (2004). Therefore, to survive summary judgment Iconbazaar must offer some proof of actual damages. Actual damages can consist of proof of Iconbazaar's license fee or AOL's profits from using the dragonfly icon. *See e.g., Davis v. Gap, Inc.*, 246 F.3d 152, 160–61 (2nd Cir.2001). To receive damages on the basis of AOL's profits, Iconbazaar must present some proof that AOL's revenues or profits were attributable to the use of the dragonfly image. *See Bouchat*, 346 F.3d at 522–23 (affirming summary judgment when plaintiff had no proof that revenues were attributable to the infringement).

■ Iconbazaar failed to quantify any license fee it thinks it might be due. In the Amended Complaint [Doc. # 13] Iconbazaar claims to be damaged "in an amount yet unascertained but to be proved at the time of trial." (Am.Compl.¶ 21.) In its response to AOL's summary judgment motion Iconbazaar states that "[it] has been damaged by virtue of lost licensing revenue. Mr. Ralph testified in his deposition that [Iconbazaar] licensed similar images to others for varying fees depending on the amount and type of use." (Pl.'s Br. Opp'n Def.'s Mot. Summ. J. at 5.) However, Iconbazaar does not even attempt to, and apparently cannot, calculate or ascertain such allegedly lost licensing profits. This response is insufficient to a motion for summary judgment because it amounts to only speculation that Iconbazaar might have negotiated and earned future, unspecified and unquantified licensing profits. Iconbazaar's deposition testimony shows that licensing its icons was atypical. Iconbazaar estimated that "not more than 20" other businesses had used its icons. (Ralph Dep. at 148.) Yet, only two of those twenty businesses actually licensed their use of the icons and Mr. Ralph can-

not recall any details of those two licenses. Iconbazaar has no evidence of who any of those licensing entities were, how much the license may have been, how long the license might have been, or what images the license pertained to. Furthermore, when another website allegedly used the exact same dragonfly icon that was allegedly used by AOL, Iconbazaar did not seek to charge them any licensing fees. Instead, Iconbazaar was satisfied when the website removed the image from its site. Similarly, AOL immediately removed the image from its website upon being notified by Iconbazaar of the alleged infringement. Therefore, Iconbazaar can offer nothing more than mere speculation as to any licensing fees that it may have been due.

In addition, Iconbazaar has offered no evidence of any profits or revenues of AOL that are attributable to AOL's use of the dragonfly image. Indeed, the instant messenger service was a free program. (Gau Decl. ¶ 4.) In its response to AOL's motion for summary judgment, Iconbazaar does not even mention seeking damages on the basis of AOL's profits. Therefore, Iconbazaar's response to AOL's motion for summary judgment failed to preserve a claim for damages on the basis of AOL's profits.

Iconbazaar has not produced sufficient evidence of damages to survive summary judgment. Accordingly, AOL's motion for summary judgment on the basis that Iconbazaar has failed to offer proof of damages is GRANTED.

### III.

For the reasons set forth above, Defendant's Motion for Summary Judgment will be GRANTED.